MURPHY, Judge.
Respondent-mother, Chantal[1] , appeals from an order terminating her parental rights to her minor child, Iris. Chantal argues the trial court failed to make required findings of fact, which rendered the termination of her parental rights an abuse of discretion. After careful review, we affirm.
BACKGROUND
On 4 May 2015, the Onslow County Department of Social Services ("DSS") filed a petition alleging Iris was a neglected juvenile. DSS alleged that Chantal had been arrested and left Iris in the care of her putative father, Dean.[2] Dean bonded Chantal out of jail and allowed her to return home with Iris, despite signing a safety plan with DSS providing that Chantal would not be permitted around Iris. Social workers discovered Chantal was living with Iris and discovered their home to be in a dangerous and unsanitary condition, with dog feces on the floor. Chantal and Dean agreed to place Iris in a kinship placement.
After a hearing on 17 July 2015, the trial court entered an order adjudicating Iris to be a neglected juvenile. The court granted DSS custody of Iris and full placement authority. The court awarded Chantal supervised visitation with Iris of no less than two hours per month. Chantal was ordered to: (1) submit to a comprehensive clinical assessment; (2) submit to a substance abuse assessment; (3) attend and successfully complete parenting classes; (4) submit to random drug screens; and (5) undergo a domestic violence assessment and engage in services to address domestic violence.
By order entered 18 January 2016, the trial court found Chantal had made "little progress on her case plan" and set the primary permanent plan for Iris as reunification, with a secondary plan of adoption. Chantal failed to address any of the issues that led to DSS's involvement with Iris over the next several months, and by order entered 8 December 2016, the trial court changed Iris's primary permanent plan to adoption and set the secondary plan as reunification. Chantal continued to make little to no progress on her case plan, and, by order entered 31 March 2017, the trial court ceased reunification efforts and set the permanent plan for Iris as adoption and the secondary plan as custody or guardianship with a relative or court-approved caretaker.
On 15 August 2017, DSS filed a petition to terminate parental rights to Iris, alleging grounds of neglect, willful failure to correct the conditions that led to Iris's removal from Chantal's care and custody, and dependency. See N.C.G.S. § 7B-1111(a)(1), (2), and (6) (2017). After a hearing on 12 March 2018, the trial court entered an order on 3 May 2018 terminating Chantal's parental rights to Iris.[3] The court found all of the alleged grounds to terminate Chantal's parental rights and concluded that termination of her parental rights was in Iris's best interests. Chantal filed timely notice of appeal.
ANALYSIS
Chantal argues the trial court abused its discretion in concluding termination of her parental rights was in Iris's best interests because it failed to make findings of fact regarding the impact of the termination on Iris's relationship with her siblings. We disagree.
"The decision to terminate parental rights is vested within the sound discretion of the trial [court] and will not be overturned on appeal absent a showing that the [trial court's] actions were manifestly unsupported by reason." In re J.A.A. , 175 N.C. App. 66, 75, 623 S.E.2d 45, 51 (2005).
"After an adjudication that one or more grounds for terminating a parent's rights exist, the [trial] court shall determine whether terminating the parent's rights is in the juvenile's best interest[s]." N.C.G.S. § 7B-1110(a) (2017). When determining whether it is in a juvenile's best interests to terminate parental rights, the trial court must consider the factors set forth in N.C.G.S. § 7B-1110 :
(1) The age of the juvenile.
(2) The likelihood of adoption of the juvenile.
(3) Whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile.
(4) The bond between the juvenile and the parent.
(5) The quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement.
(6) Any relevant consideration.
Id.
The trial court is required to consider all six of the listed factors, but is not required to make written findings "with respect to all six factors; rather ... the court must enter written findings in its order concerning only those factors that are relevant." In re D.H. , 232 N.C. App. 217, 221, 753 S.E.2d 732, 735 (2014) (citation and internal quotation marks omitted). "[A] factor is relevant if there is conflicting evidence concerning the factor, such that it is placed in issue by virtue of the evidence presented before the trial court." In re H.D. , 239 N.C. App. 318, 327, 768 S.E.2d 860, 866 (2015) (citation, internal quotation marks, and alterations omitted).
Here, there was no conflicting evidence regarding the issue of sibling connection that would place it in issue so as to require a written finding by the trial court. The only evidence regarding the impact termination of Chantal's parental rights would have on Iris's relationship with her siblings came from the testimony of a DSS social worker. On cross-examination by Chantal's counsel, the social worker testified that Iris had a bond with her siblings and agreed with Chantal's counsel that there would be no legal way to compel continued contact between Iris and her siblings if Chantal's parental rights were terminated and Iris was adopted. Neither DSS nor the guardian ad litem presented any conflicting evidence on this issue. The impact of the termination on the relationship between Iris and her siblings was thus not a "relevant" factor placed in issue and about which the trial court had to make findings of fact.
Even assuming the trial court was required to make a finding regarding the impact of the termination on Iris's relationship with her siblings, which we have held it was not, the trial court's determination that termination of parental rights was in the best interest of Iris was not manifestly unsupported by reason. The trial court made findings, unchallenged by Chantal, regarding the likelihood of adoption, the bond between Iris and Chantal, the quality of the relationship between Iris and the proposed adoptive parents, and whether termination would aid the accomplishment of the permanent plan for the juvenile. Accordingly, the trial court did not abuse its discretion.
CONCLUSION
The trial court did not err by failing to make a finding of fact regarding the impact of the termination on the relationship between Iris and her siblings. Chantal has not otherwise challenged the trial court's adjudication. We affirm.
AFFIRMED.
Report per Rule 30(e).
Chief Judge McGEE and Judge HUNTER, JR. concur.

Pseudonyms are used throughout this opinion for ease of reading and to protect the juvenile's identity.

Dean was subsequently adjudged not to be Iris's father and was released as a party from the underlying juvenile case.

The order also terminated the parental rights to Iris's unknown father.